UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                                   )
IRWIN JACOBOWITZ on behalf of,     )
MJ, and                            )
DJ, and                            )
AJ; and                            )
PEARL H. JACOBOWITZ,               )
                                   )
          Plaintiffs,              )
                                   )
     v.                            )   C.A. No. 15-345 S
                                   )
YMCA of GREATER PROVIDENCE;        )
BAYSIDE YMCA BRANCH;               )
JOE MARTINO, Executive Director;   )
JOHN and JANE DOE,                 )
                                   )
          Defendants.              )
_____)
```

**ORDER**

WILLIAM E. SMITH, Chief Judge.

Before the Court is Plaintiffs' Motion to Remand (ECF No. 5)[1] and Defendants' Opposition to that motion (ECF No. 6). For the reasons that follow, this Court DENIES Plaintiffs' Motion and orders Plaintiffs to respond to Defendants' Partial Motion to Dismiss (ECF No. 4) within 30 days of this Order.

I.  Background

Plaintiffs filed a Complaint in Rhode Island Superior Court on July 28, 2015, alleging that Defendants violated Plaintiffs'

---

[1] Although Plaintiffs titled their document "Notice of Remand," it is effectively a motion to remand and the Court is treating it as such.

statutory, constitutional, and contractual rights by failing to accommodate their autistic child, and by suspending Plaintiffs from using the Bayside Branch of the YMCA. (See Pls.' Compl., ECF No. 1-1.) On August 17, 2015, Defendants filed a notice of removal, asserting that this Court had jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs' Complaint raised claims arising under Title III of the Americans with Disabilities Act ("ADA"). (See Defs.' Notice of Removal, ECF No. 1.) In their Motion to Remand, Plaintiffs contend that their Complaint only raised state law claims.

II. Discussion

A state court action may only be removed "if the federal court has original jurisdiction." Sheehan v. Broadband Access Servs., 889 F. Supp. 2d 284, 287 (D.R.I. 2012) (citing 28 U.S.C. § 1441 (2006); Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); Grubbs v. Gen. Elec. Credit Corp., 405 U.S. 699, 702 (1972)). "Under the well-pleaded complaint rule the question of jurisdiction must be determined from Plaintiffs' statement of claim in the complaint." Rhode Island Fishermen's Alliance, Inc., ex rel. Fuka v. Dep't of Envtl. Mgmt., C.A. No. 07-230ML, 2007 WL 7328831, at *4 (D.R.I. Nov. 5, 2007) aff'd sub nom. Rhode Island Fishermen's Alliance, Inc. v. Rhode Island Dep't Of Envtl. Mgmt., 585 F.3d 42 (1st Cir. 2009). The question is "whether the plaintiff[s'] claim to relief rests upon a federal

2

right, and the court is to look only to <u>plaintiff[s']complaint</u> to find the answer." <u>Id.</u> (emphasis in original) (quoting <u>Rosello-Gonzalez v. Calderon-Serra</u>, 398 F.3d 1, 10 (1st Cir. 2004)).

The party that removed the case has the burden of establishing federal jurisdiction. <u>Sheehan</u>, 889 F. Supp. 2d at 288 (citing <u>BIW Deceived v. Local S6. Indus. Union of Marine & Shipbuilding Workers of Am., IAMAW Dist. Lodge 4</u>, 132 F.3d 824, 831 (1st Cir. 1997)). "Ambiguities 'as to the source of law relied upon by the . . . plaintiffs ought to be resolved against removal.'" <u>Id.</u> (quoting <u>Rossello-Gonzalez v. Calderon-Serra</u>, 398 F.3d 1, 11 (1st Cir. 2004)). However, "this Court is without discretion with regard to the removal of claims from the state courts, where this Court would have had original jurisdiction over the claims had plaintiff brought suit here initially." <u>Horton v. Portsmouth Police Dep't</u>, 2005 U.S. Dist. LEXIS 29041, *9 (D.R.I. Sept. 12, 2005) (quoting <u>Shepard v. Egan,</u> 767 F. Supp. 1158, 1161 (D. Mass. 1990)).

Here, Plaintiffs clearly state in paragraph 28 of their Complaint that "[t]he Bayside YMCA has failed to provide accommodations for individuals with special needs, such as, autism, in accordance to Title III of the American Disabilities Act [sic] (ADA)." (Pls.' Compl. ¶ 28, ECF No. 1-1.) This is the only allegation in paragraph 28. In a section entitled

3

"Legal Claims," Plaintiffs state that "Paragraphs 1 through 31 are referenced, incorporated and re-alleged." (Id. at ¶ 32.) Additionally, Count I of Plaintiffs' Complaint – Disability-Based Discrimination - states that:

> Defendants discriminated against Plaintiffs individually and vis-a-vis their association with a another [sic] person with disabilities, by suspending Plaintiff's membership at the Bayside YMCA indefinitely, by not fulfilling the Bayside YMCA mission, by not providing accommodations as required by Title III of the American Disabilities Act [sic], in violation of the R.I. Constitution, and the Civil Rights of People with Disabilities Act, on or about August 19, 2013 to the present.

(Id. at ¶ 33 (emphasis added).) Thus, Plaintiffs' Complaint plainly contains a "claim to relief" that "rests upon a federal right," Rhode Island Fishermen's Alliance, 2007 WL 7328831, at *4, namely, protection under the ADA.

III. Conclusion

For the foregoing reasons, Plaintiffs' Motion to Remand is hereby DENIED. Plaintiffs are ordered to respond to Defendants' Partial Motion to Dismiss within 30 days of this Order.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Chief Judge
Date: October 27, 2015

4